**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VINCENT CANNADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:19-cv-3822-RCL** |
| ) | |
| **STATE OF MARYLAND, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Vincent Cannady, a Missouri resident, brings this case pro se against defendants the State of Maryland, the City of Baltimore, and Talbot County, Maryland as well as against Judge Julie Annette Highley-Keutzer, a Missouri resident.

Maryland (ECF No. 13), Baltimore (ECF No. 17), and Talbot County (ECF No. 7) have moved to dismiss the complaint for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. Mr. Cannady has moved to strike portions of Baltimore's motion to dismiss (ECF No. 18). Upon consideration of the motions, the briefs filed in support thereof and opposition thereto, and the complaint, by separate accompanying order the Court will grant the motions to dismiss and deny the motion to strike.

## I.    BACKGROUND

Mr. Cannady alleges various violations of his statutory and constitutional rights occurring between September 2018 and January 2019 in Maryland and Missouri. Compl. at 4 (ECF. No. 1). In September 2018, Mr. Cannady was involved in a car accident in Talbot County, Maryland which he alleges led to a criminal firearm possession charge. *Id*. at 5. Mr. Cannady also alleges

1

that Baltimore held him in "lock up" in December 2018. *Id.*

Mr. Cannady appears to assert one claim against all defendants: "refus[al] to grant . . . an ADA Accommodation recommended by his doctors . . . [thus] violat[ing his rights under] the Fourth, Fifth, Sixth, and Fourteenth Amendments" to the Constitution. *Id.* at 4. Mr. Cannady claims that the same conduct also violated his rights under the Americans with Disabilities Act of 1993 and Titles V and VII of the Civil Rights Act of 1963 "due to his race of African American and he is a Service Connected Disabled Veteran." *Id.* at 3. The "ADA Accommodation" Mr. Cannady sought were telephonic judicial proceedings, as recommended by Baltimore-area health professionals, to minimize Mr. Cannady's risk of panic attacks stemming from his post-traumatic stress disorder ("PTSD") diagnosis. *Id.* at 11–15. Furthermore, Mr. Cannady alleged that the "[City of] Baltimore refused to give PTSD Medicine" and committed intentional infliction of emotional distress. *Id.* at 4, 7. Mr. Cannady seeks $9,999,999 in damages from each defendant. *Id.* at 5.

## II.   LEGAL STANDARD

When a district court faces "a straightforward personal jurisdiction issue," the court has discretion to "turn[] directly to personal jurisdiction." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999). Because the Court clearly lacks personal jurisdiction over the defendants, the Court need not address the claims of sovereign immunity or improper service as alternative grounds for dismissal. And because the Court lacks jurisdiction over the defendants, it will not rule on whether the complaint states a claim upon which relief can be granted. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact

and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

**A. Rule 12(b)(2) Standard**

On a motion to dismiss made pursuant to Rule 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008).  In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). While the court construes pro se complaints liberally, *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

When a defendant lacks "continuous and systematic" contacts with the forum, courts have personal jurisdiction over only specific claims arising out of the defendant's contacts with the forum. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). To establish specific personal jurisdiction over a nonresident defendant in federal court, the plaintiff "must establish that specific jurisdiction comports with the forum's long-arm statute and does not violate due process." *Brooks v. Harris*, 808 F. Supp. 2d 206, 209 (D.D.C. 2011) (quoting *FC Inv. Grp. LC*, 529 F.3d at 1094–95) (quotation mark and citation omitted).  The District of Columbia's long-arm statute "provide[s] jurisdiction [over persons] to the full extent allowed by the Due Process Clause." *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013).  But the statute does not permit courts to exercise jurisdiction over states, *United States v. Ferrara*, 54 F.3d 825, 831 (D.C. Cir. 1995), or cities, *Black v. City of Newark*, 535 F. Supp. 2d 163, 166 (D.D.C. 2008), because neither are "persons" over which the statute

authorizes jurisdiction.  Counties, however, are persons and may be sued in the District of Columbia.  *See Jones v. Prince George's Cty.*, 00-cv-2902-RWR, 2004 WL 5664071, at *3 (D.D.C. Mar. 23, 2004).

**B. Rule 12(f) Standard**

Under Rule 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). "[S]triking portions of pleadings is a drastic remedy and, accordingly, motions to strike are generally disfavored."  *NCB Mgmt. Servs., Inc. v. FDIC*, 843 F. Supp. 2d 62, 72 (D.D.C. 2012). While the moving party is not required to make a showing of prejudice, "courts view motions to strike . . . with such disfavor that many courts will grant such a motion only if the portions sought to be stricken as immaterial are also prejudicial or scandalous."  *Makuch v. FBI*, No. 99-CV-1094 (RMU), 2000 U.S. Dist. LEXIS 9487, at *7 (D.D.C. Jan. 6, 2000); *see also Wiggins v. Phillip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

**III.   DISCUSSION**

**A.  The Court Lacks Personal Jurisdiction Over Maryland, Baltimore, and Talbot County.**

Mr. Cannady has not met his burden to establish personal jurisdiction.

First, in stating that "[t]he Plaintiff . . . provided the Nexus to the Litigation filed in the District of Columbia," Pl.'s Mem. Opp'n to Baltimore's Mot. Dismiss 7 (ECF No. 19), Mr. Cannady misconstrues the relevant party for the personal jurisdiction analysis.  It is the defendants' contacts, not the plaintiff's, which are germane to personal jurisdiction.

Second, Maryland and Baltimore are not persons that fall within the District of Columbia's long-arm statute. *See Ferrara*, 54 F.3d at 831; *Black*, 535 F. Supp. 2d at 166.

Third, Mr. Cannady has failed to establish that the facts giving rise to his injuries arose

4

out of defendants' contacts with the District of Columbia.  None of the actions described in the complaint took place in the District.  Mr. Cannady argues that personal jurisdiction is proper because the defendants "all receive Federal Dollars (Grants and or Contracts) from US Government Agencies that reside in the District of Columbia."  *See, e.g.*, Opp'n to Talbot County Mot. to Dismiss at 2 (ECF No. 10).  Mr. Cannady does not, however, allege that federal funding played any role this case.  Moreover, government contracts alone cannot create personal jurisdiction under the long-arm statute.  *See Stevens v. Del. State Univ.*, 70 F. Supp. 3d 562, 565 (D.D.C. 2014).

Though not raised by Mr. Cannady, the only other possible relevant contact under the long-arm statute could be "causing tortious injury in the District of Columbia."  D.C. Code § 13-423(a)(3)-(4).  But the injuries Mr. Cannady alleges all occurred in Maryland.

Cannady may be able to establish general or specific jurisdiction over Talbot County and Baltimore in Maryland, where those governments are established and where the events he alleges took place.  But he has failed to meet his burden to establish personal jurisdiction in the District of Columbia.

**B.  Mr. Cannady's Motion to Strike is Without Merit.**

Finally, Mr. Cannady has not presented any statements made by Baltimore which meet the prejudice requirements under Rule 12(f).  Through two different filings, Mr. Cannady objects to two statements in Baltimore's motion to dismiss:

- "[T]he City of Baltimore falsely claimed [that] Vincent Cannady was a Drug Dealer and that he traveled to West Virginia to purchase drugs," Mot. to Strike 2.

- "The Plaintiff did not file a suit against the Mayor of Baltimore as the Motion to

Dismiss states." Pl.'s Mem. Opp'n to Baltimore's Mot. Dismiss 2.

Both claims lack merit because Mr. Cannady appears to have misread Baltimore's motions.  The

individual described as "sell[ing] drugs" and traveling to West Virginia was the plaintiff in a

case that Baltimore cited when discussing the inapplicability of the long-arm statute to this case.

Because the citation at most analogizes to Mr. Cannady's case, allowing the passage to remain in

Baltimore's motion is not redundant, immaterial, impertinent, or scandalous.  Similarly,

Baltimore's motion gives the city its full legal title.  *See* Balt. City Charter, art. I, § 1 ("The

inhabitants of the City of Baltimore are a corporation, by the name of the 'Mayor and City

Council of Baltimore,' and by that name shall have perpetual succession, may sue and be

sued . . . .").  Baltimore never claimed that Mr. Cannady sued the mayor.  *See Clark v. O'Malley*,

186 973 A.2d 821, 823 & n.1 (2009) (Md. Ct. Spec. App. 2009) (distinguishing between suit

against mayor and suit against "Mayor and City Council of Baltimore.").

Because Baltimore's motion does not contain material that is redundant, immaterial,

impertinent, or scandalous, Mr. Cannady's motion to strike must be denied.

## IV.   CONCLUSION

For the foregoing reasons, by separate accompanying order the Court will grant

Maryland, Baltimore, and Talbot County's motions to dismiss and deny Mr. Cannady's motion

to strike.

SIGNED this 8th day of June 2020.

/s/ Royce C. Lamberth
_____
Royce C. Lamberth
United States District Judge